FILED

AUG 05 2026

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TENNESSEE**

**AT KNOXVILLE**

CRYSTAL DEANA VAUGHN,

Plaintiff,

**v.**

JOHN/JANE DOE 1 through 10,
unknown individuals,

Defendants.

**Case No.** 3:26-cv-375 (assigned by Clerk) Varlan/McCook

**COMPLAINT FOR FRAUD, CONVERSION, IDENTITY THEFT, VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, VIOLATION OF THE FEDERAL INTERSTATE STALKING STATUTE, VIOLATION OF THE TENNESSEE WIRETAPPING ACT, AND OTHER RELIEF**

Plaintiff Crystal Deana Vaughn ("Plaintiff"), appearing pro se, files this Complaint against Defendants John/Jane Doe 1 through 10, whose true names and identities are presently unknown to Plaintiff and will be substituted by amendment once ascertained through discovery, and alleges as follows:

**PARTIES**

1. Plaintiff is an individual residing in Knox County, Tennessee, within the Eastern District of Tennessee. Plaintiff's full residential address is being withheld from this public filing and provided to the Court separately, consistent with Plaintiff's contemporaneously filed Motion for a Protective Order Regarding Plaintiff's Home Address.

2. Defendants John/Jane Doe 1 through 10 ("Doe Defendants") are individuals whose true names, residences, and identities are currently unknown to Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that the Doe Defendants used online accounts, communications platforms, and/or fraudulent identities to commit the acts described below, and that their true identities can be ascertained through discovery directed to relevant third-party platforms, financial institutions, and internet service providers.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), because this action arises under the laws of the United States,

including the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the federal interstate stalking statute, 18 U.S.C. § 2261A.

4. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides in this District and a substantial part of the events giving rise to this action occurred within the Eastern District of Tennessee.

**FACTUAL ALLEGATIONS**

6. Beginning on or about October 2023 and continuing to the present, Plaintiff has been the target of a sustained pattern of cyberstalking, harassment, unauthorized access to Plaintiff's online accounts, and identity theft committed by the Doe Defendants.

7. As a direct result of the Doe Defendants' conduct, Plaintiff has suffered documented financial losses totaling approximately $11,280.00, arising from the following incidents: (a) beginning in approximately April-May 2026, Plaintiff was contacted online by an individual identifying as Francesca Fields ("Frans"), representing herself as affiliated with a business called EcomFlow, who presented what appeared to be a legitimate e-commerce and cryptocurrency investment opportunity and directed Plaintiff to participate through an online platform/dashboard displaying account balance, profits, and withdrawal activity; Plaintiff was instructed to send funds via Bitcoin transactions and Apple gift cards for purported account activation, transaction verification, investment participation, withdrawal processing, and account upgrades, and after making multiple payments was unable to withdraw funds despite the platform's representations that withdrawals had been approved or completed, resulting in a documented loss of approximately $7,930.00, reported to the FBI's Internet Crime Complaint Center (IC3 Submission ID 8d2928f6d187466a9960bb90615ae787, filed May 28, 2026); and (b) separately, in or around June 2026, Plaintiff engaged an individual identifying as Doris Moffitt, operating under the business name HankPI, who represented an ability to remove Plaintiff's name and information from a purported targeting watchlist on TikTok; after Plaintiff made an initial payment of $350.00, additional payment was demanded before further services would be rendered, resulting in a documented loss of $350.00, reported to IC3 (Submission ID f380f82242304c2cb09088316d668038, filed July 1, 2026); and (c) additionally, on or about July 31, 2026, Plaintiff sent a further Bitcoin transaction of $3,000.00 through a Coinbase ATM/kiosk located in North Carolina in connection with the same EcomFlow platform and scheme described in subsection (a) above, which funds Plaintiff was again unable to fully access or withdraw, resulting in a documented loss of $3,000.00, reported to IC3 (Submission ID c16ee040d56f439386717f1be844618f, filed August 3, 2026). Plaintiff is further informed and believes that the Doe Defendants engaged in at least one additional attempted fraudulent transaction of approximately $3,500.00 in which a falsified transaction receipt was provided to Plaintiff, though no funds were actually transferred to or received by Plaintiff in connection with that specific transaction; Plaintiff does not include this amount in Plaintiff's documented losses, but alleges it as further evidence of the Doe Defendants' intentional and deliberate scheme.

8. Plaintiff has documented this conduct extensively, including records, screenshots, photographs, and video evidence spanning the period since approximately October 2023, which are available and will be produced in discovery.

9. Plaintiff has reported this conduct to the Federal Bureau of Investigation's Internet Crime Complaint Center (IC3) on at least three occasions, and has been in contact with local law enforcement regarding the same conduct.

10. Plaintiff is further informed and believes that Plaintiff may have been subject to physical or electronic surveillance by an unknown individual or individuals, including possible interception of communications, though Plaintiff's present evidence does not yet establish the identity of the person(s) responsible or the full extent of such surveillance. Plaintiff does not allege that any specific named individual engaged in this conduct and reserves the right to amend this Complaint as additional facts are discovered.

11. The specific identifying information presently known to Plaintiff includes: the names "Francesca Fields" (also known as "Frans") and "Fariz Hakim," both associated with the business name "EcomFlow," with phone numbers (917) 735-6754 and (659) 221-0571 respectively, and an address of 100 Fillmore St., 5th Floor, Denver, Colorado 80206 associated with Fariz Hakim; Bitcoin wallet addresses bc1qucux7endzq8908kc28j2auulecpjdkr92f0puy (originating) and bc1qs8pfwdzjajx7c6wjmcqu106wvzeedt0z6wr7u (recipient), used in transactions on or about May 12, 15, and 26, 2026, and July 31, 2026 (the latter via a Coinbase ATM/kiosk in North Carolina, Transaction ID/Hash 6WX4PLMQ79); the name "Doris Moffitt," associated with the business name "HankPI," involved in a transaction on or about June 26, 2026; and communications and account activity across Meta Platforms, Google, MetaMask, Followspy, TikTok, OpenAI, Telegram, WhatsApp, and Signal. Plaintiff reserves the right to amend this Complaint as additional identifying information is discovered.

**COUNT I — FRAUD**

12. Plaintiff incorporates by reference all preceding paragraphs.

13. The Doe Defendants made false representations of material fact to Plaintiff, or engaged in deceptive conduct intended to induce Plaintiff's reliance, knowing such representations were false or acting with reckless disregard for their truth.

14. Plaintiff reasonably relied on the Doe Defendants' misrepresentations and, as a direct and proximate result, suffered financial damages in an amount to be proven at trial, but not less than $11,280.00.

**COUNT II — CONVERSION**

15. Plaintiff incorporates by reference all preceding paragraphs.

16. The Doe Defendants wrongfully exercised dominion and control over Plaintiff's funds and/or property in a manner inconsistent with Plaintiff's rights of ownership, without Plaintiff's consent.

17. As a direct and proximate result, Plaintiff has been damaged in an amount to be proven at trial.

**COUNT III — VIOLATION OF THE TENNESSEE IDENTITY THEFT DETERRENCE ACT (Tenn. Code Ann. § 47-18-2101, et seq.)**

18. Plaintiff incorporates by reference all preceding paragraphs.

19. The Doe Defendants knowingly obtained, possessed, and/or used Plaintiff's personal identifying information without Plaintiff's authorization, with the intent to commit fraud or other unlawful conduct, in violation of Tenn. Code Ann. § 47-18-2101 et seq.

20. Plaintiff is entitled to recover actual damages, treble damages where applicable, and reasonable attorneys' fees and costs as provided by statute.

**COUNT IV — VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)**

21. Plaintiff incorporates by reference all preceding paragraphs.

22. The Doe Defendants intentionally accessed Plaintiff's protected computers and online accounts without authorization or in excess of authorized access, and as a result caused loss to Plaintiff aggregating at least $5,000.00 in value during a one-year period, in violation of 18 U.S.C. § 1030(a).

23. Pursuant to 18 U.S.C. § 1030(g), Plaintiff is entitled to bring a civil action to obtain compensatory damages and injunctive or other equitable relief.

**COUNT V — VIOLATION OF THE FEDERAL INTERSTATE STALKING STATUTE (18 U.S.C. § 2261A)**

24. Plaintiff incorporates by reference all preceding paragraphs.

25. Plaintiff is informed and believes that one or more of the Doe Defendants used the mail, an interactive computer service, an electronic communication service, or a facility of interstate or foreign commerce to engage in a course of conduct directed at Plaintiff that placed Plaintiff in reasonable fear of death or serious bodily injury, or caused, attempted to cause, or would reasonably be expected to cause substantial emotional distress to Plaintiff, in violation of 18 U.S.C. § 2261A.

26. Plaintiff pleads this violation to the extent a private civil remedy is available and/or as an independent basis supporting this Court's federal-question jurisdiction under 28 U.S.C. § 1331, and reserves the right to amend this Count as legal and factual development warrants.

**COUNT VI — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

27. Plaintiff incorporates by reference all preceding paragraphs.

28. The Doe Defendants' conduct, described above and sustained since approximately October 2023, was intentional or reckless, extreme and outrageous, and caused Plaintiff to suffer serious mental injury.

**COUNT VII — VIOLATION OF THE TENNESSEE WIRETAPPING ACT (Tenn. Code Ann. § 39-13-601, et seq.)**

29. Plaintiff incorporates by reference all preceding paragraphs.

30. Plaintiff is informed and believes, and on that basis alleges, that one or more of the Doe Defendants may have intentionally intercepted, or procured another person to intercept, wire, oral, or electronic communications of Plaintiff without Plaintiff's consent and without the consent of any party to those communications, in violation of Tenn. Code Ann. § 39-13-601.

31. To the extent discovery confirms that such interception occurred and was not otherwise lawful or consented to, Plaintiff is entitled to recover the greater of actual damages or statutory damages of $100.00 per day of violation or $10,000.00, whichever is greater, together with punitive damages for willful violations, reasonable attorneys' fees and costs, and injunctive relief restraining any further interception of Plaintiff's communications, as provided by Tenn. Code Ann. Title 40, Chapter 6, Part 3 (civil remedy formerly codified at Tenn. Code Ann. § 39-13-603, repealed and consolidated into Title 40, Chapter 6, Part 3 effective May 28, 2024). Plaintiff makes this claim subject to further factual development in discovery and does not allege that any specific individual committed this violation absent evidence confirming the same.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant Plaintiff leave to conduct expedited discovery for the limited purpose of ascertaining the true names and identities of the Doe Defendants, including issuance of subpoenas to relevant third-party platforms, financial institutions, employers, and internet service providers;

B. Award Plaintiff compensatory damages in an amount to be proven at trial, but not less than $11,280.00, including without limitation direct financial losses, out-of-pocket costs of remediation, lost wages or income, and costs of medical or mental health treatment reasonably related to the conduct described herein;

C. Award treble damages, punitive damages, and/or statutory or liquidated damages where permitted by law, including under Tenn. Code Ann. Title 40, Chapter 6, Part 3 (civil remedy formerly codified at Tenn. Code Ann. § 39-13-603);

D. Award Plaintiff reasonable attorneys' fees and costs where permitted by statute;

E. Grant such injunctive relief as the Court deems just and proper to prevent further harassment, unauthorized access, interception of communications, or contact by the Doe Defendants; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Crystal Deana Vaughn

Knox County, Tennessee (address on file with the Clerk)

704-520-9230

jacksonc6789@gmail.com

Plaintiff, Pro Se

**VERIFICATION**

I, Crystal Deana Vaughn, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: 8/4/26

Crystal Deana Vaughn